UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER BEY #236321,

        Plaintiff,                       Case No. 2:07-cv-253

v.                                            Honorable R. Allan Edgar

WILLIAM LUETZOW, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff Christopher Bey, an inmate at the Standish Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Deputy Warden William Leutzow, Assistant Deputy Warden William Jondreau, Deputy Warden R. Napel, Resident Unit Officer K. Hemmela, Resident Unit Officer J. Burke, Resident Unit Officer K. Kemp, Resident Unit Officer G. Menard, and Resident Unit Officer R. Wickstrom.

In his complaint, Plaintiff alleges that while he was confined at the Baraga Maximum Correctional Facility (AMF), he filed a civil rights complaint against Defendants Luoma, Edlund and Luetzow on February 17, 2005. These parties filed a motion to dismiss for failure to exhaust administrative remedies on July 13, 2005. Plaintiff filed a "declaration in opposition" to the motion before September 15, 2005. On October 6, 2005, he received a major misconduct ticket and was moved to a detention cell. On October 30, 2005, Defendant Burke denied Plaintiff use of the typing room because he was on detention status. Plaintiff completed detention status on November 15, 2005, but received another major misconduct ticket on December 5, 2005, and was placed back on detention status. Plaintiff was moved to a detention cell on December 25, 2005.

Plaintiff states that on December 26, 2005, he asked Defendant Bennett if he could use the typing room. Defendant Bennett refused to allow Plaintiff access to the typing room despite the fact that there is no rule prohibiting detention prisoners from using the room. Plaintiff sent a kite to Defendant Napel regarding this issue on December 27, 2005, and received a response from Defendant Luetzow on December 28, 2005, stating that posted order #20, page 12, ¶ 5, prevented detention prisoners from using the typing room. Plaintiff filed two more flash kites protesting this

response and stating that such an order violated the Cain settlement agreement. Plaintiff subsequently showed Assistant Resident Unit Supervisor Healy, Resident Unit Officer Bennett, Resident Unit Officer Turner and Resident Unit Officer Tremble the Cain agreement and insisted that it overrode the policy. Plaintiff was told that he could not use the typing room unless the warden gave permission.

On January 3, 2006, Plaintiff received a response to his kites from Deputy Warden Napel, which stated that he would not be allowed access to the typing room while on punitive segregation unless a typing requirement was directed by the court. Plaintiff states that on January 6, 2006, he received a Magistrate Judge's report and recommendation that his civil rights complaint be dismissed for failure to exhaust. Plaintiff mailed objections to the report and recommendation on January 17, 2006. On the next day, Defendant Jondreau came to his cell to do a grievance interview and informed Plaintiff that detention prisoners are not allowed access to the typing room. Plaintiff's step II and III grievance appeals were also denied.

Plaintiff alleges that AMF prison officials relied on the improper posted order which prevented him from using the typewriter in violation of *Cain* and that they kept writing false misconduct tickets on him in order to keep him on detention status. In addition, Plaintiff claims that other detention prisoners have been allowed to use the typing room, but Defendants are preventing Plaintiff from doing so in retaliation for his litigation against prison officials. Specifically, Plaintiff states that prisoner Alston was allowed to attend the typing room while on detention status on June 4, 2006, June 10, 2006, June 16, 2006, June 18, 2006, and June 24, 2006. In addition, Plaintiff claims that Defendant Cox was allowed to attend the typing room while on detention during June and July of 2006. Plaintiff attaches copies of affidavits from each of these prisoners to his complaint.

Plaintiff filed a step I grievance regarding the fact that he was being treated differently from other detention prisoners on October 13, 2006, against Defendants Luetzow, Hemmela, Burke, Kemp, Menard, Wickstrom and Jondreau. Assistant Resident Unit Supervisor Gerard interviewed him on the step I grievance and the response to the grievance states:

> Grievant was interviewed and stated that he have [sic] 2 signed affidavits from prisoners who were authorized typing room access while on detention during the time period indicated. Staff stated that the prisoner was mistakenly placed in the typing room during his detention sanction. A revision of the unit posted orders indicate that violation of PD 04.05.120 during the time period indicated.

(Plaintiff's complaint ¶ 49.)

Plaintiff alleges that his subsequent grievance appeals were denied. The response to the step III appeal states:

> The grievant alleges that unit staff discriminated and retaliated against him by allowing other detention prisoners to use the typing room while on detention sanctions but not allowing him to use it while on detention sanctions. Grievant alleges that staff actions are in retaliation for his civil lawsuit against AMF staff. The investigator has reviewed the record presented with the appeal to step three. All relevant information was considered. Based on this review, this writer finds the response provided at step two adequately addresses the merits of the main issue grieved. The record presented with the appeal does not suggest that further action is justified at this level. PD 04.05.120 "SEGREGATION STANDARDS" does not provide for prisoners on punitive segregation (detention) status to be given typewriter access. The step two response indicates that staff have been reminded of this requirement. Insufficient evidence has been shown by the grievant from which to conclude that staff actions were discriminatory or retaliatory in nature.

(Plaintiff's complaint ¶ 52.)

Plaintiff states that Defendants violated his First Amendment right to be free from retaliation, his rights under the Eighth Amendment, and his Fourteenth Amendment equal protection rights. Plaintiff seeks damages and costs.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants violated his right to be free from retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete, relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that he was denied access to the typing room because of his litigation activities. Although Plaintiff claims that two other prisoners were allowed access to the typing room while on detention status, it is clear from the grievance responses that this was a mistake. Accordingly, Plaintiff's speculative allegation fails to state a claim.

Plaintiff asserts that his equal protection rights were violated when he was arbitrarily denied access to the typing room when two other detention prisoners with were granted such access. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will

not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). However, as noted above, the grievance responses indicate that the other prisoners were mistakenly allowed such access and that staff were reminded that no detention prisoner should be allowed in the typing room because such conduct violated prison policy. Therefore, the undersigned recommends dismissal of Plaintiff's equal protection claims.

Finally, Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Because Plaintiff fails to allege any significant deprivation, his Eighth Amendment claim is properly dismissed.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).