UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY #236321,

        Plaintiff,                    Case No. 2:07-cv-253

v.                                  Honorable R. Allan Edgar

WILLIAM LUETZOW, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on May 1, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff states that the Magistrate Judge erred in recommending dismissal of his retaliation claim and reiterates the allegations set forth in his underlying complaint. However, for the reasons stated by the Magistrate Judge in the report and recommendation, this claim is properly dismissed for lack of merit.

Plaintiff also contends that his equal protection claim should not be dismissed because detention prisoners, such as himself, are treated differently from other prisoners when they are denied use of the typewriter. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the

laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). The court notes that detention prisoners are not similarly situated to general population prisoners. Therefore, Plaintiff's equal protection claim is properly dismissed.

Finally, Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his Eighth Amendment claim because Defendants' conduct in giving him tickets, placing him in detention, and denying him access to the typing room constituted cruel and unusual punishment. As noted by the Magistrate Judge in the report and recommendation, punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Because Plaintiff fails to allege any significant deprivation, his Eighth Amendment claim is properly dismissed.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

- 3 -

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:      6/30/08                                  /s/ R. Allan Edgar
                                                     R. ALLAN EDGAR
                                                     UNITED STATES DISTRICT JUDGE